IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

February 9, 2011

RE: JOSE ANTONIO PEROZA-BENITZ V. LAWLER, ETAL
CA No. 10-3684

## NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Rueter, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By:
LINDA V. JERRY, Deputy Clerk

cc: PEROZA-BENITEZ
KLINE

Courtroom Deputy to Judge Slomsky

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOSE ANTONIO PEROZA-BENITEZ | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| RAYMOND LAWLER, et al. | : | NO. 10-3684 |

## REPORT AND RECOMMENDATION

THOMAS J. RUETER　　　　　　　　　　　　　　February 8, 2011
Chief United States Magistrate Judge

Presently before the court is a pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. For the reasons that follow, the court recommends that the petition be denied.

I. **BACKGROUND**

On December 13, 2006, petitioner entered an open plea to one count of delivery of a controlled substance (heroin), two counts of possession with intent to deliver a controlled substance (heroin), two counts of possession of a controlled substance (heroin), and resisting arrest. After accepting the plea, a judge for the Court of Common Pleas for Berks County sentenced petitioner to an aggregate sentence of seven (7) to fourteen (14) years incarceration.

Petitioner appealed to the Superior Court of Pennsylvania, which affirmed the sentence on June 15, 2007. Commonwealth v. Peroza-Benitez, 931 A.2d 51 (Pa. Super. Ct. 2007) (Table). Petitioner did not file a petition for allowance of appeal in the Supreme Court of Pennsylvania.

On August 31, 2007, petitioner filed a pro se petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541, et seq. The court appointed counsel to represent petitioner. On July 24, 2008, the court issued an order dismissing petitioner's motion for PCRA relief. Petitioner filed an appeal to the Superior Court of Pennsylvania, which affirmed on September 16, 2009. Commonwealth v. Peroza-Benitez, 986 A.2d 1262 (Pa. Super. Ct. 2009) (Table). On April 12, 2010, the Supreme Court of Pennsylvania denied petitioner's request for allowance of appeal. Commonwealth v. Peroza-Benitez, 92 A.2d 887 (Pa. 2010) (Table).

On September 6, 2010, petitioner filed the instant petition for a writ of habeas corpus in this court (Doc. No. 4), alleging the following five grounds for relief:

1. Whether the trial court abused its discretion by sentencing petitioner to an illegal sentence, due to petitioner being sentence [sic] in violation of the Merger Doctrine[1] where the charges arose out of a single act, same transaction.

2. Whether the trial court abused its discretion by sentencing petitioner to an illegal sentence in violation of the Double Jeopardy Clause and Federal rights violation of his 5th and 14th Amendments to the U.S. and Pennsylvania Constitutions, as well as article 1, section 9 of [the] Pennsylvania Constitutions.

---

[1] Under Pennsylvania law, the common law doctrine of merger "is to a large extent coterminous with the double jeopardy protection against multiple punishments." Commonwealth v. Williams, 496 A.2d 31, 39 (Pa. Super. Ct. 1985). "The doctrine acts to limit the multiplicity of sentences which may be meted out for what is, in practical effect, a single criminal act, even when a comparison of the elements of the various crimes charged does not reveal that any of those crimes is necessarily included in any other." Id. at 40. Application of the merger doctrine is a two-step process: first, the court must determine whether more than one discrete criminal act is involved; and second, if the defendant committed only one criminal act, the court must determine whether the Commonwealth had only one interest that was injured by the single criminal act. Commonwealth v. Williams, 509 A.2d 409, 411 (Pa. Super. Ct. 1986).

2

3. Whether plea and sentencing counsel was ineffective for failing to challenge petitioner's illegal sentence on [the] sentencing hearing date, where the sentence is in violation of the Merger Doctrine and Double Jeopardy Clause, under Federal law including the 5th, 6th, and 14th Amendments of the U.S. Constitution.

4. Whether Appellate Counsel was ineffective for failing to challenge petitioner's illegal sentence, where the sentence is in violation of the Merger Doctrine and Double Jeopardy Clause under the 5th, 6th and 14th Amendments to the U.S. Constitution and in violation under the Pennsylvania Constitution Article 5, Section 9, right to Direct Appeal.

5. Whether PCRA counsel was ineffective and negligent in the manner in which the PCRA was handled and for counsel's unprofessional errors.

(Pet. at 5.) On November 17, 2010, the Commonwealth filed a response to the petition (Doc. No. 7) arguing that the petition should be denied on the merits.

## II. DISCUSSION

### 1. Grounds One and Two – Merger Doctrine and Double Jeopardy

Petitioner claims that the sentence imposed by the trial court violated the Merger Doctrine and the double jeopardy clause of the United States Constitution. To understand petitioner's arguments, it is helpful to review the factual basis for petitioner's guilty plea. During the guilty plea colloquy, petitioner admitted that on March 15, 2006, on the 100 block of South Sixth Street in Reading, Pennsylvania, he delivered heroin, specifically two (2) packets of heroin, to an undercover police officer in exchange for twenty dollars. This offense was the basis for petitioner's plea of guilty to delivery of a controlled substance (Count One), possession with intent to deliver a controlled substance (Count Two), and simple possession (Count Four). The sentencing court merged these three offenses for sentencing purposes, and petitioner received a term of imprisonment of three to six years for these offenses.

Later the same day, on March 15, 2006, when petitioner was arrested for the sale of the heroin to the undercover officer, the police discovered additional heroin on petitioner's person that he admitted he intended to sell on the streets of Reading. This additional heroin, found hours after the initial sale, constituted a separate offense of possession with intent to deliver a controlled substance, as well as simple possession, as charged in Counts Three and Five of the Indictment. As the trial judge found:

> There was no evidence to connect the heroin sold to the undercover officer to the additional heroin that the defendant had on his person at his arrest. The only reason the two offenses were discovered at roughly the same time is that the defendant was searched incident to arrest.

Commonwealth v. Peroza-Benitez, No. 1604-06, slip op. at 5 (C.P. Berks May 1, 2008) (Bucci, J.) For these two merged offenses, the trial court imposed a consecutive sentence of three to six years imprisonment. Finally, on Count Six of the Indictment, charging resisting arrest, the trial court imposed a consecutive sentence of one to two years imprisonment.

Petitioner argues that the trial court's separate sentences for delivery of heroin (Counts One, Two and Four) and for possession with intent to deliver heroin (Counts Three and Five) violate the principles of merger and double jeopardy. The Superior Court of Pennsylvania rejected this claim finding that neither the merger doctrine nor double jeopardy applied because petitioner committed two distinct criminal acts – (1) the delivery of two packets of heroin to the police officer, and (2) the later possession of the additional thirty-nine packets, which he intended to sell to other buyers. Commonwealth v. Peroza-Benitez, No. 1532 MDA 2008, slip op. at 6-7 (Pa. Super. Ct. Sept. 16, 2009). In reaching this conclusion, the Superior Court of Pennsylvania cited one of its earlier decisions, Commonwealth v. Eicher, 605 A.2d 337 (Pa.

4

Super. Ct.), appeal denied, 617 A.2d 1272 (Pa. 1992) (Table), in which the court held that a trial court may impose separate sentences for delivery and possession with intent to deliver where the underlying charges arose out of a completely different set of facts that are unrelated and unnecessary to sustain the other conviction. Id. at 6.

The Fifth Amendment states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." "[T]he Fifth Amendment guarantee against double jeopardy is enforceable against the States through the Fourteenth Amendment." North Carolina v. Pearce, 395 U.S. 716, 717 (1960). The double jeopardy clause "protects against multiple punishments for the same offense." Id.

However, if a defendant commits two separate offenses at different times, the crimes may be punished by consecutive sentences. See Milanovich v. United States, 365 U.S. 551, 559 (1961) ("Two larcenies, separated in time, would not be merged."); Blockburger v. United States, 284 U.S. 299, 302 (1952) (each of several successive sales of narcotics, even if made to same person, constitutes a distinct offense, regardless of how closely sales follow each other); United States v. Rodriguez-Ramirez, 777 F.2d 454, 457-58 (9th Cir. 1985) (separate convictions and punishments for distribution of heroin sample and possession with intent to distribute bulk of heroin were appropriate, where distribution of sample and possession of remainder did not occur at same time, same place, and with involvement of same participants); United States v. Countryman, 758 F.2d 574, 579 (11th Cir. 1985) (imposition of separate sentences for convictions of possession with intent to distribute cocaine and distribution of cocaine proper were appropriate in view of evidence sufficiently establishing possession of cocaine by defendant independent from actual distribution to coconspirator).

5

This court finds that the state court's application of the above federal law was not contrary to or an unreasonable application of clearly established federal law, nor did it result in a decision based on an unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C. § 2254(d)(1) and (2). The delivery of the heroin by petitioner to the undercover officer was sufficiently independent of petitioner's later possession of a larger quantity of heroin to be distributed to a different buyer, so that the court could impose multiple punishments for the separate offenses. For all the above reasons, the court recommends that petitioner's first two claims be denied as meritless.

### 2. Grounds Three through Five – Ineffective Assistance of Counsel

Petitioner alleges three grounds of ineffective assistance of counsel. First, he alleges that plea counsel was ineffective for failing to challenge petitioner's sentence. Second, petitioner asserts that appellate counsel was ineffective for not raising the merger doctrine/double jeopardy argument on direct appeal. Last, petitioner contends that PCRA counsel was ineffective for unprofessional conduct.

To establish a claim of ineffective assistance of counsel, petitioner must show both deficient performance and prejudice. Premo v. Moore, 131 S. Ct. 733, 739 (2011); Strickland v. Washington, 466 U.S. 668, 688-96 (1984). Recently, the United States Supreme Court explained the prejudice requirement for an ineffective assistance of counsel claim as follows:

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding."

> Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

Harrington v. Richter, 131 S. Ct. 770, 777-78 (2011) (citations omitted).

In the instant case, there was no prejudice by counsel's failure to challenge petitioner's sentence because both the state court and this court have found that such a challenge is meritless. Even if counsel had raised these challenges to petitioner's sentence, it was not reasonably likely the result would have been different. Id. See also United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999) (counsel cannot be ineffective for failing to pursue meritless claims or objections). Furthermore, this court cannot review petitioner's claim that PCRA counsel was ineffective because "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i).[2]

---

[2] In his petition, petitioner alleges violations of the Pennsylvania constitution. The court may not address these claims because they are not cognizable in a federal habeas corpus proceeding. Pursuant to 28 U.S.C. § 2254(a), a federal court cannot entertain a habeas petition on any grounds other than that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." To the extent petitioner's claims allege violations of state law, they are not cognizable in this § 2254 habeas proceeding. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (federal courts cannot grant habeas relief based on violations of state law); Reinert v. Larkins, 379 F.3d 76, 94 n.4 (3d Cir. 2004) (alleged violations of state constitution not cognizable in a federal habeas petition), cert. denied, 546 U.S. 890 (2005).

For all the above reasons, the court makes the following:

## RECOMMENDATION

AND NOW, this 8th day of February, 2011, the court respectfully recommends that the petition for a writ of habeas corpus be **DENIED**, and that no certificate of appealability be issued.[3]

Petitioner may file objections to the Report and Recommendation. See Loc. R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of appellate rights.

BY THE COURT:

*Thomas J. Rueter*

THOMAS J. RUETER
Chief United States Magistrate Judge

---

[3] The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE ANTONIO PEROZA-BENITEZ | : | CIVIL ACTION |
| v. | : | |
| RAYMOND LAWLER, et al. | : | NO. 10-3684 |

## ORDER

AND NOW, this       day of           , 2011, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of Chief Magistrate Judge Thomas J. Rueter, it is hereby

**ORDERED**

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;
2. The petition for a writ of habeas corpus is **DENIED**; and
3. A certificate of appealability is not granted.

BY THE COURT:

_____
JOEL H. SLOMSKY,      J.