IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE ANTONIO PEROZA-BENITEZ | : : : : | CIVIL ACTION |
| v. | : : | |
| RAYMOND M. LAWLER, et al. | : | NO. 10-3684 |

**OPINION**

**Slomsky, J.** September 23, 2011

I. **INTRODUCTION**

Before the Court is the Petition of Jose Antonio Peroza-Benitez ("Petitioner") for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks review of his *pro se* petition for collateral relief under the Pennsylvania Post-Conviction Relief Act ("PCRA") based on alleged violations of the Merger Doctrine and the Double Jeopardy Clause. He also alleges ineffective assistance of counsel. For purposes of this Opinion, the Court has considered the Petition for Writ of Habeas Corpus (Doc. No. 4), the Answer to the Motion for Writ of Habeas Corpus (Doc. No. 7), Chief Magistrate Judge Thomas J. Rueter's Report and Recommendation ("Report and Recommendation") (Doc. No. 10), the Court's Order approving and adopting Judge Rueter's Report and Recommendation ("Order") (Doc. No. 11), Petitioner's Objection to the Report and Recommendation ("Objection") (Doc. No. 12), and the pertinent state court record.

Following a review of the filings by the parties and the state court record, Judge Rueter issued a Report recommending Petitioner's Petition for Writ of Habeas Corpus be denied and a

1

Certificate of Appealability not be granted. (Doc. No. 10). Petitioner did not file objections to the Magistrate Judge's Report and Recommendation within the required fourteen (14) day period. This Court then issued an Order adopting and approving Judge Rueter's Report and Recommendation and denying the Petition for a Writ of Habeas Corpus. (Doc. No. 11). Thereafter, Petitioner filed his Objection to the Report and Recommendation. (Doc. No. 12). The Court will now consider those objections despite the earlier Order adopting and approving Judge Rueter's Report and Recommendation. For reasons that follow, the Court will affirm its prior Order (Doc. No. 11). Petitioner's Objection to Judge Rueter's Report and Recommendation does not warrant the relief he requests (Doc. No. 12).

## II.   FACTUAL BACKGROUND

On December 13, 2006, in his criminal case in the Court of Common Pleas of Berks County, Petitioner entered an open guilty plea to one count of delivery of a controlled substance (heroin), two counts of possession with intent to deliver a controlled substance (heroin), and resisting arrest. (Doc. No. 10 at 1). The plea was accepted and Petitioner received an aggregate sentence of seven (7) to fourteen (14) years incarceration. (Id.).

On June 15, 2007, the Superior Court of Pennsylvania affirmed Petitioner's sentence. Commonwealth v. Peroza-Benitez, 931 A.2d 51 (Pa. Super. Ct. 2007) (Table). Petitioner did not file for an allowance of appeal to the Supreme Court of Pennsylvania.

On August 31, 2007, Petitioner filed a *pro se* petition for relief under the PRCA, 42 Pa. Cons. Stat. Ann. §§ 9541, et seq. (Doc. No. 11 at 2). Counsel was appointed to represent him on the PCRA. (Id.) On July 24, 2008, the court dismissed the motion for PCRA relief. (Id.) Thereafter, on September 16, 2009, the Superior Court of Pennsylvania affirmed the denial of the

PCRA Petition.  Commonwealth v. Peroza-Benitez, 986 A.2d 1262 (Pa. Super. Ct. 2009) (Table).  On April 12, 2010, the Supreme Court of Pennsylvania denied Petitioner's request for allowance of appeal.  Commonwealth v. Peroza-Benitez, 92 A.2d 887 (Pa. 2010) (Table).

On September 6, 2010, Petitioner filed the instant Petition for a Writ of Habeas Corpus. (Doc. No. 4).  The Petition alleges five grounds for relief, which are quoted verbatim:

> A. Whether the trial court abused its discretion by sentencing petitioner to an illegal sentence, due to petitioner being sentence [sic] in violation of the Merger Doctrine where the charges arose out of a single act, same transaction.
>
> B. Whether the trial court abused its discretion by sentencing petitioner to an illegal sentence in violation of the Double Jeopardy Clause and Federal rights violation of his 5th and 14th Amendments to the U.S. and Pennsylvania Constitutions, as well as article 1, section 9 of [the] Pennsylvania Constitutions.
>
> C. Whether the plea and sentencing counsel was ineffective for failing to challenge petitioner's illegal sentence on [the] sentencing hearing date, where the sentence is in violation of the Merger Doctrine and Double Jeopardy Clause, under Federal law including the 5th, 6th and 14th Amendments to the U.S. Constitution.
>
> D. Whether Appellate Counsel was ineffective for failing to challenge petitioner's illegal sentence, where the sentence is in violation of the Merger Doctrine and Double Jeopardy Clause under the 5th, 6th, and 14th Amendments to the U.S. Constitution and in violation under the Pennsylvania Constitution Article 5, Section 9, right to Direct Appeal.
>
> E. Whether PCRA counsel was ineffective and negligent in the manner in which the PCRA was handled and for counsel's unprofessional errors.

(Doc. No. 4 at 5).  On November 17, 2010, the Commonwealth responded, arguing the Petition should be denied on the merits.  (Doc. No. 7).

As noted above, on February 9, 2011, Judge Rueter issued the Report and Recommendation (Doc. No. 10).  On March 3, 2011, this Court issued an Order adopting and approving the Report and Recommendation (Doc. No. 11).  On March 10, 2011, Petitioner filed

his untimely Objection, which is being considered here. (Doc. No. 12).

### III. STANDARD OF REVIEW

    A. <u>28 U.S.C. § 2254 Review</u>

A federal court must give deference to a state courts' findings if Petitioner's claims were adjudicated on the merits. 28 U.S.C. § 2254(d) (2010). Habeas relief is precluded on any claim that was adjudicated on the merits in state court unless:

> "the adjudication of the claim (1) resulted in a decision that was contrary to, or involved in an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d) (2010).

    B. <u>De Novo Review of Objections to Report and Recommendation by District Court</u>

28 U.S.C. § 636(b)(1)(C) provides that any party, within fourteen days of being served, may file written objections to the proposed findings and recommendations of the magistrate judge filed pursuant to § 636(b)(1)(B) and the local rules of the court. The district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The judge] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C).

In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs a petitioner's objections to a magistrate judge's report and recommendation. Under this Rule, the petitioner is required to "specifically identify the portion of the [report and recommendation] to which

objection is made." Reid v. Lawler, 2010 WL 1186320, at *3 (E.D.Pa. Mar. 25, 2010).

Moreover, district judges have broad discretion in how they treat the recommendations of a magistrate judge and may place "whatever reliance [they] choose to place on the magistrate judge's proposed findings and conclusions." Gonzalez v. Wynder, 2010 WL 962882, at *1 n.2 (E.D.Pa Mar. 11, 2010). Although the district court may conclude that a petitioner's objections to a magistrate judge's report and recommendation are a repetition of petitioner's previous argument, the court is still permitted to conduct a de novo review of the petitioner's objections. See, e.g. Reid, 2010 WL 1186320 at *3-4 (although petitioner failed to specifically object or provide basis for such objection, the district judge went on to consider the merits of petitioner's claims); Gonzalez, 2010 WL 962882 at *1 (while petitioner's objections restated his initial habeas corpus claims, the court approved and adopted report and recommendation after de novo review).

Under 28 U.S.C. § 636(b)(1)(C) and Local Rule 72.1.IV(b), the district court must conduct a de novo review of the portions of the report and recommendation to which objections are made. The Third Circuit has "assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

## IV. DISCUSSION

In the instant matter, Petitioner's Objection was untimely filed. Pursuant to 28 U.S.C. § 636(b)(1)(C), any party submitting written objections to the proposed findings and recommendations of the magistrate judge must file their objection within fourteen (14) days of

being served. On February 9, 2010, Judge Rueter issued the Report and Recommendation (Doc. No. 10). Petitioner did not file his Objection (Doc. No. 12) until March 10, 2011, which exceeds the fourteen (14) day deadline. Accordingly, Petitioner's Objection was not timely filed and ordinarily may be dismissed on this basis.

However, even if Petitioner had timely filed his Objection, the Court would still dismiss Petitioner's Objection and approve and adopt Judge Rueter's Report and Recommendation. Petitioner presents two objections to Chief Magistrate Judge Rueter's findings. First, Petitioner claims that Judge Rueter found that police discovered additional heroin "hours after the additional sale" and that this factual finding was erroneous, and led to violations of the Merger Doctrine and the Double Jeopardy Clause. (Doc. No. 12 at 2; cf. Doc. No. 10 at 4). Second, Petitioner restates his claim of ineffective assistance of counsel set forth in his initial habeas petition. (Cf. Doc. No. 12 at 6-7; Doc. No. 4 at 5). For reasons stated below, this Court agrees with Judge Rueter's conclusions on the claims of violating the Merger Doctrine and Double Jeopardy Clause and with his finding that Petitioner's counsel was not constitutionally ineffective. (See Doc. No. 12 at 3-7).

A.   Petitioner's Factual Objection

Petitioner takes issue with Judge Rueter's finding "that the additional heroin[] was found hours after the initial sale." (Doc. No. 12 at 2). When Petitioner was arrested for selling heroin, additional amounts were on his person and he admitted to intending to sell them on the streets of Reading. (Doc. No. 10 at 3-4). He pled guilty in state court to separate offenses charging him with the initial sale and the subsequent possession with intent to sell the controlled substance. Petitioner claims in his Objection that he committed one offense, not two, and it was improper to

6

sentence him for both offenses. (Doc. No. 12 at 2). Citing the Affidavit of Probable Cause ("Affidavit") attached to his Objection, Petitioner argues that he delivered the "sample heroin" at 2:14 pm and was arrested at 2:15 pm. (Id.) Petitioner argues that the additional packets of heroin found incident to his arrest should be treated as one offense, opining that a person must possess heroin to be able to sell it. (Id. at 3). Stating the facts in this way, Petitioner alleges violations of the Merger Doctrine and the Double Jeopardy Clause. (Id.) He argues that his possession and distribution offenses should have been merged into one offense and, as such, he is being sentenced twice for the same offense. (Id.).

Under 28 U.S.C. § 2254(e)(1), factual determinations by a state court are presumed correct unless rebutted by clear and convincing evidence. Palmer v. Hendricks, 592 F.3d 386, 392 (3d Cir. 2010); Thomas v. Horn, 570 F.3d 105, 116 (3d Cir. 2009). After reviewing the findings of the Court of Common Pleas for Berks County, Judge Rueter found:

> Later the same day...when petitioner was arrested for the sale of the heroin to the undercover officer, the police discovered additional heroin on petitioner's person that he admitted he intended to sell....As the trial judge found, "There was no evidence to connect the heroin sold to the undercover officer to the additional heroin that the defendant had on his person at his arrest. The only reason the two offenses were discovered at roughly the same time is that the defendant was searched incident to the arrest." Commonwealth v. Peroza-Benitez, No. 1604-06, slip op. at 5 (C.P. Berks May 1, 2008) (Bucci, J).

(Doc. No. 11 at 4). Petitioner misconstrued Judge Rueter's findings by claiming that the heroin was characterized as found "hours after the initial sale."[1] (Doc. No. 12 at 2; cf. Doc. No. 11 at

---

[1] Although Judge Rueter characterizes the heroin found on Petitioner as being discovered "hours after the sale," it appears from the Affidavit of Probable Cause attached to the state court Complaint that the arrest of Petitioner and discovery occurred sooner. Regardless of the time span, two offenses were committed and Petitioner properly pled guilty in state court to not only the earlier distribution, but also to the later possession with intent to distribute.

7

4). The proximity between the discovery of the packets of heroin sold to the undercover officer and the additional heroin packets is not solely dispositive. Rather, when viewed as a whole, Petitioner's sale of two packets of heroin and retention of thirty nine additional packets subsequently seized supports the state court's finding that "[t]here was no evidence to connect the heroin sold to the undercover officer to the additional heroin." (Doc. No. 11 at 4; cf. Doc. No. 12, Affidavit). Therefore, there was no violation of the Merger Doctrine and the Double Jeopardy Clause.

This Court concludes that Petitioner has not rebutted the factual determinations of the state court by clear and convincing evidence. Based on these facts, Petitioner's claims regarding the Merger Doctrine and Double Jeopardy must fail.

B.  Petitioner's Ineffective Assistance of Counsel Objection

Petitioner also objects to Judge Rueter's finding that Petitioner did not establish a claim of ineffective assistance of counsel. (Doc. No. 12 at 3). This objection covers Grounds C, D, and E noted above and as set forth in the Petition for a Writ of Habeas Corpus. (Cf. Doc. No. 4 at 13-18). In Grounds C and D, Petitioner alleges that his counsel at the time of his guilty plea and on appeal were ineffective because they did not challenge his sentence under the Merger Doctrine or Double Jeopardy Clause. (Id. at 13, 15, 17). In Ground E, Petitioner alleges that his PCRA counsel was ineffective because counsel claimed that the drugs found incident to Petitioner's arrest had no connection to the drugs he sold to the undercover officer. (Id. at 18; cf. supra Section IV.A).

This Court adopts Judge Rueter's analysis regarding this objection. (Cf. Doc. No. 11 at 6-7). A petitioner must show deficient performance on the part of counsel and prejudice to the

8

petitioner's case to establish a claim of ineffective assistance of counsel. Premo v. Moore, 131 S. Ct. 733, 739 (2011); Strickland v. Washington, 466 U.S. 668, 688-96 (1984). As the United States Supreme Court has stated:

> [A] challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different....It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

Harrington v. Richter, 313 S. Ct. 70, 777-78 (2011) (citations omitted).

This Court, Judge Rueter, and the state courts have already found insufficient factual bases to support Petitioner's claims of Merger Doctrine and Double Jeopardy violations. See supra Section IV.A. Therefore, this Court adopts Judge Rueter's conclusion regarding Grounds C and D, that "[e]ven if counsel had raised [the Merger Doctrine and Double Jeopardy] challenges to [P]etitioner's sentence, it was not reasonably likely the result would have been different." (Doc. No. 11 at 7 (citation omitted)).

As to Petitioner's claim that his PCRA counsel made professional errors, 28 U.S.C. § 2254(i) states "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i) (2010). Under this Section, Petitioner's claim with respect to his PCRA counsel is beyond the scope of this Court's review.

## V.     CONCLUSION

For the foregoing reasons, the Court will affirm its Order adopting and approving Chief Magistrate Judge Rueter's Report and Recommendation and denying Petitioner's Petition for Habeas Corpus (Doc. No. 11) and will dismiss Petitioner's Objection to Judge Rueter's Report

9

and Recommendation (Doc. No. 12).

      An appropriate Order follows.